Apergis v Narragansett Bay Ins. Co. (2023 NY Slip Op 02484)

Apergis v Narragansett Bay Ins. Co.

2023 NY Slip Op 02484

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-06994
 (Index No. 615194/18)

[*1]Ioanna Apergis, et al., appellants,
v
Narragansett Bay Insurance Company, respondent.

Craig A. Blumberg, New York, NY, for appellants.
Wade Clark Mulcahy, New York, NY (Robert J. Cosgrove and Lauren J. Berenbaum of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (John Michael Galasso, J.), entered August 26, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs are the owners of real property located in Nassau County that was insured under a homeowners insurance policy (hereinafter the insurance contract) issued by the defendant. During the coverage period, the plaintiffs' boiler malfunctioned, causing, inter alia, a "puff back" of smoke and soot that caused damage both to the dwelling and to personal property. It is not disputed that the plaintiffs submitted a claim to the defendant for coverage under the insurance contract, pursuant to which the defendant, inter alia, issued three payments: one payment in the amount of $26,071.99 for structural damage to the dwelling; an additional payment in the amount of $27,564.44 for certain floor damage to the dwelling; and a payment in the amount of $78,544.79 for certain personal property damage.
The plaintiffs commenced this action against the defendant to recover damages for breach of the insurance contract, alleging that, while the defendant made the above-referenced payments to the plaintiffs for certain damage to the dwelling and to personal property, it refused to fully compensate them. Specifically, the plaintiffs alleged that the defendant failed to pay the plaintiffs to replace certain wood floors and to replace certain clothes.
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that it had complied with its contractual obligations under the insurance contract. In an order entered August 26, 2020, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that it did not breach the terms of the insurance contract [*2](see Alvarez v Prospect Hosp. , 68 NY2d 320). The defendant submitted evidence, including the reports of two claims investigators and an expert in garment cleaning and fabric restoration, that the clothes at issue were not in need of replacement and that the subject wood floors did not require replacement. In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York , 49 NY2d 557, 562).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.

2020-06994 DECISION & ORDER ON MOTION
Ioanna Apergis, et al., appellants,
v Narragansett Bay Insurance Company,
respondent.
(Index No. 615194/18)

Motion by the respondent, inter alia, to strike the reply brief on an appeal from an order of the Supreme Court, Nassau County, entered August 26, 2020, on the ground that it improperly raises arguments for the first time in reply. By decision and order on motion of this Court dated December 8, 2021, that branch of the motion which is to strike the reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the reply brief is granted to the extent that the last paragraph beginning on page two and ending on page three of the reply brief is deemed stricken and has not been considered on the appeal, and the motion is otherwise denied.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court